**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PUBLIC CITIZEN, INC., STATE DEMOCRACY DEFENDERS FUND, and AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, and OFFICE OF MANAGEMENT AND BUDGET,<br><br>Defendants. | Civil Action No. 1:25-cv-164-JMC |

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO CONSOLIDATE**

Plaintiffs Public Citizen, Inc., State Democracy Defenders Fund, and American Federation of Government Employees oppose defendants' motion to consolidate this case with *American Public Health Ass'n v. Office of Management and Budget*, No. 25-167, and *Lentini v. Department of Government Efficiency*, No. 25-166.

**DISCUSSION**

Under Federal Rule of Civil Procedure 42(a), when civil actions involve a common question of law or fact, a court has the discretion to join for hearing "any or all matters at issue in the actions" or "consolidate the actions." Fed. R. Civ. P. 42(a)(1), (2); see *Am. Oversight v. U.S. Dep't of Health & Hum. Servs.*, No. 1:20-CV-00947 (TNM), 2020 WL 3469687, at *1 (D.D.C. June 25, 2020). In exercising discretion

under Rule 42, district courts "weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated." *Nat'l Sec. Counselors v. CIA*, 322 F.R.D. 41, 43 (D.D.C. 2017). Further, if the court determines that consolidation is proper, a "court need not order the actions consolidated in their entirety but merely may order a joint hearing or trial of the common issue or of other particular issues." Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2382 (citing cases); *see* Fed. R. Civ. P. 42(a)(2).

Although plaintiffs have no objection to coordinating the timing of proceedings in the three cases, the Court should exercise its discretion to deny the government's motion to consolidate this case with *American Public Health Association* and *Lentini*. As the government correctly observes, all three cases concern the applicability of the Federal Advisory Committee Act (FACA) to the so-called Department of Government Efficiency (DOGE). Here, however, there is no risk of inconsistent rulings on common factual and legal questions because the cases have already been assigned to the same judge. Defendants do not suggest otherwise.

Defendants suggest that consolidation would provide for a more "efficient" presentation of the issues and allow for "one schedule" for briefing. Mot. 4. Consolidation into one case, however, is not needed to achieve that end. Defendants have indicated that they intend to file a motion to dismiss with respect to each action, and they may file similar motions in each action, to the extent that their arguments

are common to the three cases. They may also file their motion to dismiss simultaneously in each of the three cases, thereby triggering the same briefing schedule. Further, plaintiffs have no objection to the Court setting a common schedule for briefing on motions common to all cases. Rule 42 and the Court's inherent control over its docket provide the Court ample authority to do so.

On the other hand, to the extent that Defendants seek to compel the plaintiffs in the three separate cases to file joint papers and to act as one going forward, consolidation would prejudice plaintiffs here (and in the other cases). The difficulty for the plaintiffs in the separate cases of fully combining the actions, requiring agreement and joint presentation of factual and legal arguments, would be especially pronounced because facts related to DOGE's operations appear to be ever changing. Indeed, the *Lentini* plaintiffs recently amended their complaint to allege additional facts, and plaintiffs in this case are considering an amendment as well. To the extent that consolidating the three cases into one would require the three sets of plaintiffs to engage in joint briefing, joint amendments, and joint litigation strategy, consolidation would be prejudicial to their interests.

Finally, the government expresses concern about having to respond to multiple sets of discovery requests. Consolidation would not necessarily deny any plaintiff the ability to seek its own discovery, however. *Cf. En Fuego Tobacco Shop LLC v. FDA*, 356 F. Supp. 3d 1, 11 (D.D.C. 2019) ("[C]onsolidation does not extinguish the independent nature or status of different cases and therefore permits the court to treat them individually."). In any event, if consolidation were warranted as a means

to manage discovery at a later date, the Court could address that issue when it arises, or defendants may renew their motion then.

Dated: February 18, 2025                            Respectfully submitted,

/s/ Nandan M. Joshi
Nandan M. Joshi (DC Bar No. 456750)
Nicolas Sansone (DC Bar No. 1686810)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

Norman L. Eisen (DC Bar No. 435051)
State Democracy Defenders Fund
600 Pennsylvania Avenue SE
#15180
Washington, D.C. 20003