# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC CITIZEN, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-00164-JMC |
| AMERICAN PUBLIC HEALTH ASSOCIATION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> OFFICE OF MANAGEMENT AND BUDGET, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-00167-JMC |
| JERALD LENTINI, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEPARTMENT OF GOVERNMENT EFFICIENCY, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-00166-JMC |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXPEDITE BRIEFING ON PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**

Plaintiffs Jerald Lentini, Joshua Erlich, and National Security Counselors[1] have requested, ECF No. 23, that this Court enter an order directing Defendants to file their opposition to Plaintiffs' motion for expedited discovery, ECF No. 20, in less than 24 hours and for this Court to rule on that motion later this week—which would provide almost no meaningful opportunity for Defendants or the Court to consider and address the relevant issues. And Plaintiffs make this request without any particularized showing that such an expedited schedule is necessary.

This Court should reject Plaintiffs' motion to expedite briefing and adjudication of their motion for expedited discovery because Plaintiffs have not established any urgency, either through their words or their actions. Plaintiffs filed their original Complaint on January 20, 2025, alleging violations of the Federal Advisory Committee Act ("FACA"). *Lentini v. Trump*, No. 1:25-cv-166-JMC, ECF No. 1. Over three weeks later, they filed their Amended Complaint. *Lentini v. Trump*, No. 1:25-cv-166-JMC, ECF No. 10. As of today, more than six weeks since filing the Complaint, Plaintiffs have not filed any motions for emergency or preliminary relief, and Defendants' current deadline to respond to the Complaints in these consolidated cases is not for another several weeks. Plaintiffs have treated this case as one that should operate under the Federal Rules' default timing—and in light of this course of conduct, Plaintiffs have not established the need for immediate relief within the next several hours.

Despite their failure to act with any urgency in this matter, on March 3 Plaintiffs filed a motion for expedited discovery seeking to take the depositions of three senior White House personnel: (1) Elon Musk, (2) Director Joshua Fisher of the Office of Administration within the Executive Office of the President, and (3) Acting United States DOGE Service Administrator Amy

---

[1] This motion was filed by these Plaintiffs only—in these consolidated cases, the remaining Plaintiffs American Public Health Association et al., have not sought expedited discovery. The Public Citizen plaintiffs filed a notice of voluntary dismissal earlier this week. *See* ECF No. 21.

Gleason. ECF No. 20. As Defendants will explain in their opposition to Plaintiffs' motion for expedited discovery, Plaintiffs' motion should be denied because it seeks to leapfrog the ordinary rules of civil procedure and fails to articulate any specific purpose for the requested discovery, which is overly broad and extremely burdensome, and fails to satisfy the heightened standard for discovery that applies to the Executive Branch and White House. *See Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 388 (2004) (rejecting request for discovery of White House personnel in FACA case).

Courts in this district strongly disfavor pre-answer discovery, *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 99 (D.D.C. 2014), and this Court should likewise reject Plaintiffs' request to take discovery before this Court has an opportunity to evaluate whether Plaintiffs' have adequately pled legally valid claims or whether this Court even has jurisdiction as to all Defendants and all claims, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (courts have duty to first assure themselves of jurisdiction). As Defendants will explain in their forthcoming motion to dismiss, this Federal Advisory Committee Act ("FACA") case asserts the existence and operation of an alleged federal advisory committee that does not exist and has never operated. Plaintiffs fail to satisfy numerous threshold requirements and have failed to adequately plead any of the requirements that a committee must satisfy to be subject to FACA.

Plaintiffs' only justification for why their motion for expedited discovery must be briefed on an accelerated basis is the supposed "inconsistent positions" that the Government has taken regarding defendant Elon Musk. ECF No. 23 at 2. However, as Defendants have not even responded to the Complaint in this case, Defendants have never made any representations, in this litigation, as to the relevance of Mr. Musk's role under the Federal Advisory Committee Act. And although Plaintiffs state that the expedited discovery is "urgently needed for a preliminary

3

injunction motion" Plaintiffs have thus far waited over six weeks since filing their Complaint to move for preliminary injunctive relief. Such a lengthy delay counters strongly against any finding of urgency here. *See Open Top Sightseeing USA v. Mr. Sightseeing, LLC*, 48 F. Supp. 3d 87, 90 (D.D.C. 2014) (holding that delay of thirty-six days before filing for preliminary injunctive relief was "dilatory action" that failed to clear the high bar needed to show entitlement to relief); *see also Fund for Animals v. Frizzell*, 530 F.2d 982, 987 (D.C. Cir. 1975) (finding that a delay of forty-four days before bringing action for injunctive relief was "inexcusable," and "bolstered" the "conclusion that an injunction should not issue," particularly where the party seeking an injunction had knowledge of the pending nature of the alleged irreparable harm).

Thus, Defendants respectfully submit that these proceedings should unfold on a reasonable timeline, allowing for due consideration of Plaintiffs' extraordinary request for expedited discovery. Under the Local Civil Rules, Defendants have two weeks to respond to Plaintiffs' motion for expedited discovery. *See* LCvR 7(b). Considering the time already elapsed in this case without any action from Plaintiffs, a two-week response deadline is entirely reasonable and consistent with the lack of urgency belaying Plaintiffs' conduct here. It also accords with undesigned counsel's schedule, as undersigned counsel have filings due in other pressing matters on March 7, March 9, March 10, March 13, and March 14. Accordingly, this Court should deny Plaintiffs' request for an expedited briefing schedule and permit the parties to file the default schedule under the Local Civil Rules.

| | |
|---|---|
| DATED: March 5, 2025 | Respectfully submitted,<br><br>YAAKOV M. ROTH<br>Acting Assistant Attorney General<br>Civil Division<br><br>ELIZABETH J. SHAPIRO<br>Deputy Director |

Federal Programs Branch

*/s/ Anna L. Deffebach*
ANNA L. DEFFEBACH (D.C. Bar. No. 241346)
Trial Attorney
BRADLEY P. HUMPHREYS (D.C. Bar No. 988057)
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 305-8356
Facsimile: (202) 616-8470
Anna.L.Deffebach@usdoj.gov

*Counsel for Defendants*

5