UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC CITIZEN, INC., *et al.*,<br><br>        Plaintiffs,<br><br>   v.<br><br>DONALD TRUMP, *et al.*,<br><br>        Defendants. | Case No. 25-cv-164 (JMC) |
| JARED LENTINI, *et al.*,<br><br>        Plaintiffs,<br><br>   v.<br><br>DEPARTMENT OF GOVERNMENT EFFICIENCY, *et al.*,<br><br>        Defendants. | Case No. 25-cv-166 (JMC) |
| AMERICAN PUBLIC HEALTH ASSOCIATION, *et al.*,<br><br>        Plaintiffs,<br><br>   v.<br><br>OFFICE OF MANAGEMENT AND BUDGET, *et al.*,<br><br>Defendants. | Case No. 25-cv-167 (JMC) |

## **ORDER**

      The *Lentini* Plaintiffs move for expedited discovery, requesting that they be allowed to depose Elon Musk, Joshua Fisher (Director of the Office of Administration within the Executive Office of the President), and Amy Gleason (Acting Administrator of the U.S. Digital Service)

within the next 20 days. ECF 20. Defendants oppose. ECF 28. The Court **DENIES** Plaintiffs' motion because they have not made the showing required for expedited discovery.

Courts in this District generally apply a five-factor reasonableness test to determine whether expedited discovery is warranted. *See Guttenberg v. Emery*, 26 F. Supp. 3d 88, 98 (D.D.C. 2014). The Court considers, "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* None of these factors weighs in favor of expedited discovery here.

First, no motion for preliminary injunction is pending, which weighs against expedited discovery. Plaintiffs represent that they intend to file a motion for preliminary injunction in the future. But absent a pending motion, the Court cannot properly assess the second and third factors: whether the sought-after discovery is relevant to the merits of the preliminary injunction (rather than the merits of the case as a whole), and whether the requested discovery is appropriately tailored to those relevant issues. *Cf. AFL-CIO v. Dep't of Lab.*, No. 25-cv-339, slip op. at 7 (D.D.C. Feb. 27, 2025), ECF No. 48 (granting in part motion for expedited discovery before motion for preliminary injunction had been filed, but explaining that "plaintiffs' two TRO motions have revealed the factual and legal issues critical to the impending preliminary injunction motion" and therefore "the parameters of relevant discovery are [not] difficult to determine at this juncture in the case"); *New Mexico v. Musk*, No. 25-cv-429, 2025 WL 783192, at *3 (D.D.C. Mar. 12, 2025) (same).

Even if a motion for preliminary injunction were pending, the fourth factor also weighs against expedited discovery because Plaintiffs' request would impose a heavy burden on

Defendants. Generally, "top executive department officials should not, absent extraordinary circumstances, be called to testify." *Simplex Time Recorder Co. v. Sec'y of Lab.*, 766 F.2d 575, 586-87 (D.C. Cir. 1985); *see generally Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367 (2004); *In re U.S. Dep't of Educ.*, 25 F.4th 692 (9th Cir. 2022). Plaintiffs have not attempted to explain why such "extraordinary circumstances" are present here. *See* ECF 29 at 11. Instead, Plaintiffs argue that Musk, Gleason, and Fisher are not actually senior Executive Branch officials to whom the "extraordinary circumstances" rule applies. *See id.* But Plaintiffs do not ground that argument in any case or legal authority—and the case law suggests that the category of "top executive department officials" is not limited to, say, cabinet secretaries. Senior government officials and advisors could also fall in that category. *See Simplex Time Recorder Co.*, 766 F.2d at 586-87 (holding that Administrative Law Judge did not err by refusing to call four Department of Labor officials—"the Solicitor of Labor, the Secretary's Chief of Staff, the Regional Administrator for the Administration, and the Administration's Area Director"—as witnesses); *Cheney*, 542 U.S. at 385 (holding that discovering requests directed to "senior Government officials who served on the [National Energy Policy Development Group] to give advice and make recommendations to the President" triggered separation of powers considerations); *cf. AFL-CIO*, No. 25-cv-339, slip op. at 11, ECF No. 48 (granting request for written discovery and 30(b)(6) depositions, which require the defendant to designate the deponent); *New Mexico*, 2025 WL 783192, at *6 (granting request for written discovery but denying requests to conduct two depositions, because "depositions impose a heavier burden than written discovery"). That is not to say that Plaintiffs could never be entitled to depose these individuals during discovery if they can make the requisite showing. But the bar to do so is very high, and Plaintiffs do not clear it today.

Finally, the fifth factor also weighs against expedited discovery. This request comes well

in advance of the usual discovery process. Defendants intend to file a motion to dismiss, and the Court has set a briefing schedule. The Court is particularly hesitant to order the sort of unusual discovery Plaintiffs have requested here (deposing high-level Executive Branch officials or advisors) at such an early stage and before that motion is resolved.

Because all five factors of the reasonableness test weigh against expedited discovery, the *Lentini* Plaintiffs' motion, ECF 20, is **DENIED**.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: March 25, 2025