UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JERALD LENTINI, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 1:25-cv-00164 (JMC) |
| DEPARTMENT OF GOVERNMENT EFFICIENCY, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' EMERGENCY MOTION TO TEMPORARILY STAY
BRIEFING OF DEFENDANTS' MOTION TO DISMISS**

NOW COME Plaintiffs to respectfully move the Court to stay all briefing of Defendants' Motion to Dismiss pending resolution of today's Government petition to the Supreme Court which could fundamentally reshape the legal and factual landscape underlying this case. Defendants oppose this Motion.

Plaintiffs have good cause to request this relief. Today the Government applied to the Supreme Court for a stay of the orders in the case *Citizens for Responsibility and Ethics in Washington v. U.S. DOGE Service*, No. 25-511 (D.D.C.) ("*CREW*"). *See* Application to Stay Orders of U.S. Dist. Ct. for D.C. Pending Certiorari or Mandamus & Req. Immediate Admin. Stay (filed May 21, 2025), *In re. U.S. DOGE Serv.*, No. 24A1122, *at* http://www.supremecourt.gov/DocketPDF/24/24A1122/359271/20250521095150101_In%20re%20USDS%20Stay%20Application_final%20a.pdf (last accessed May 21, 2025) [hereinafter *CREW* Appl.]. *CREW* is a Freedom of Information Act ("FOIA") case in which the plaintiff is arguing that the U.S. DOGE Service ("USDS") is an agency subject to FOIA. A significant

portion of CREW's argument—and Judge Cooper's decisions—centers on the role that Elon Musk ("Musk") plays vis-à-vis USDS, *see, e.g., Citizens for Resp. & Ethics in Wash. v. U.S. DOGE Serv.*, No. 25-511, 2025 U.S. Dist. LEXIS 42869, at *36-38 (D.D.C. Mar. 10, 2025), which is also a fundamental point of contention in the instant case. The Government even makes a point of highlighting its claim in its application: "In any event, the court did not address the government's explanation that the cited press reports do not refer to USDS activities; they mention Elon Musk (a White House advisor, who is not part of USDS)." *CREW* Appl. at 17.

Simply put, however the Supreme Court decides the *CREW* application, that decision has significant potential to fundamentally alter the legal landscape underlying this case. If the Court opines on the role played by Musk with respect to USDS activities, that opinion would constitute a binding holding which would change the relationship between the parties. If, for instance, the Court were to hold that Musk is an employee of USDS despite the Government's protestations to the contrary, that would both invalidate the Fisher Declaration filed by the Government in this case as well as potentially supporting its claim that the Federal Advisory Committee Act ("FACA") exception for groups comprised solely of government employees applies. Contrariwise, if the Court were to hold that Musk has no role in USDS, that would support Plaintiffs' argument that his obvious involvement implicates FACA. Either way, it would be wasteful to continue briefing Defendants' Motion while the Supreme Court is still considering the matter, especially since the Court has suggested that it will adjudicate the matter quickly by ordering CREW to respond by noon on Friday.

Defendants oppose this Motion. A proposed Order is attached to this Motion.

Date:   May 21, 2025

                                        Respectfully submitted,

                                        /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD  20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiffs*