**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JERALD LENTINI , *et al.*,

               *Plaintiffs*,

      v.

DEPARTMENT OF GOVERNMENT
EFFICIENCY , *et al.*,

               *Defendants*.

Case No. 1:25-cv-00164-JMC

**DEFENDANTS' RESPONSE TO PLAINTIFFS' "NOTICE OF NEW EVIDENCE"**

Plaintiffs filed a "notice of new evidence," asking this Court, when considering Defendants' motion to dismiss, to take "judicial notice" of the contents in a Politico article about "Steve Davis."  ECF 43.  This "notice" is improper.

First, "[a] plaintiff cannot amend a complaint through opposition papers." *Montgomery v. McDonough*, 682 F. Supp. 3d 1, 14 (D.D.C. 2023).  *Ali v. Bureau of Democracy, Hum. Rts. & Lab.*, No. 23-CV-1126 (DLF), 2024 WL 1513475, at *2 (D.D.C. Apr. 8, 2024) (same).  If Plaintiffs believe that this one news article will fix the many facial deficiencies with their Amended Complaint, they should file a motion to amend their complaint and attach the proposed second amended complaint to that filing.  *See* Fed. R. Civ. Proc. 15; LCvR 7(i) ("A motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended.").  Plaintiffs cannot do an end run around the federal and local rules by filing a "notice of new evidence" in place of a proper motion to amend.

Moreover, the contents of the Politico article are not "evidence" of which this Court can take judicial notice.  Under the Federal Rules of Evidence, courts are permitted to take judicial

notice only of facts "not subject to reasonable dispute" where those facts are either "generally known within the territorial jurisdiction" or are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Plaintiffs do not cite any authority supporting their claim that the contents of news articles— particularly those based on anonymous leaks—meet this requirement. Indeed, courts have held that they cannot take judicial notice of materials or information within news articles. *See Meekins v. Chipotle Servs., LLC*, No. CV1808599SJOJPRX, 2018 WL 6503498, at *3 (C.D. Cal. Dec. 11, 2018) ("[T]he Court cannot take judicial notice of the material in the news articles."); *Daniels v. Jeffreys*, No. 07-1298, 2023 WL 2290240, at *4 (C.D. Ill. Feb. 28, 2023) ("[T]he Court finds that it cannot take judicial notice of news articles[.]"); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (finding that courts can only take judicial notice over articles to "indicate what was in the public realm at the time, *not* whether the contents of those articles were in fact true" (emphasis added)).

Thus, in deciding a Rule 12(b)(6) motion, the Court may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave–Schmidt v. Chao,* 226 F.Supp.2d 191, 196 (D.D.C.2002) (citation omitted). Because the cited Politico article is none of these, the Court should not consider it when ruling on Defendants' motion to dismiss challenging the facial validity of Plaintiffs' Amended Complaint. *See Antoine v. U.S. Bank Nat. Ass'n*, 547 F. Supp. 2d 30, 39 n.4 (D.D.C. 2008) (deciding a motion to dismiss and finding that because exhibits attached by plaintiff "constitute extrinsic evidence" the court will not consider them at this stage of the proceedings).

For all the reasons stated in Defendants' motion to dismiss briefing, the Court should dismiss Plaintiffs' Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

DATED: July 23, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

BRADLEY P. HUMPHREYS
Senior Trial Counsel

*/s/ Samuel S. Holt*
SAMUEL S. HOLT
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 305-0878
Samuel.Holt2@usdoj.gov

*Counsel for Defendants*