IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JERALD LENTINI , *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEPARTMENT OF GOVERNMENT EFFICIENCY , *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-00164-JMC |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' "NOTICE OF SUPPLEMENTAL AUTHORITY"**

Plaintiffs have filed yet another Notice (ECF 45); this time drawing the Court's attention to the following decision that granted in part and denied in part a motion to dismiss: *Does v. Musk*, No. CV 25-0462-TDC, 2025 WL 2346258 (D. Md. Aug. 13, 2025).

That decision's relevance to this case is elusive. That case concerns allegations that actions taken with respect to USAID allegedly violated the Constitution; it does not involve the Federal Advisory Committee Act (FACA) in any way. *See Does*, 2025 WL 2346258 at *1. Defendants understand Plaintiffs to suggest that, because the court there found that plaintiffs had adequately alleged that Mr. Musk "was in charge of the 'Department of Government Efficiency,'" this somehow supports their FACA claims here. *See* ECF 45. But that conclusion does not follow. The other case involved an entirely different complaint about entirely different conduct.

First, the decision says nothing about an entity called "DOGE" operating outside the government, separate and distinct from the U.S. DOGE Service ("USDS"), which is Plaintiffs' theory of the case. *See* Am. Compl. ¶ 7 ("DOGE—as referred to herein—is separate and distinct

1

from the United States DOGE Service[.]"), *Lentini v. Dep't of Gov. Efficiency,* No. 1:25-cv-00166 (D.D.C. Feb. 13, 2025), ECF 10.  In fact, the opinion largely addresses DOGE Teams functioning *within* the federal government; it makes no mention of any alleged outside body.  *See Does*, 2025 WL 2346258 at *1–21.

Second, Defendants in their briefing already assumed the truth of Plaintiffs' allegation—for purposes of the motion to dismiss standard—that Mr. Musk was involved in whatever Plaintiffs meant by "DOGE."  *See, e.g.*, Mem. ISO Mot. to Dismiss at 21–22 (ECF numbering), ECF 33-1.  As explained in Defendants' briefing, that assumption does not help Plaintiffs plead a FACA violation.  Plaintiffs fail to identify any other post-inauguration members of this alleged advisory committee they claim exists, and Mr. Musk alone cannot constitute a committee by himself.  *See id.*  Moreover, Defendants have presented judicially noticeable facts showing that Mr. Musk was serving as a Senior Advisor to the President at the time of the Amended Complaint—a role that, as a matter of law, places him within FACA's all-employee exclusion.  *See* Exhibit A, ECF 33-2; Reply ISO Mot. to Dismiss at 13–14, ECF 42 (explaining that, as a matter of law, FACA's all-employee exclusion applies to Mr. Musk serving as a Senior Advisor to the President).

Beyond those defects, Plaintiffs also have not alleged any facts suggesting that some outside group called "DOGE" has an organized structure, a fixed membership, or acted as a collective body providing group advice—essential elements of a FACA claim.  *See generally* Mem. ISO Mot. to Dismiss, ECF 33-1.  Plaintiffs' latest filing is thus another irrelevant and improper "notice" aimed at rescuing an insufficient amended complaint.

For all the reasons stated in Defendants' motion to dismiss briefing, the Court should dismiss Plaintiffs' Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

DATED: August 22, 2025                     Respectfully submitted,

                                                       BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

*/s/ Samuel S. Holt*
SAMUEL S. HOLT
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 305-0878
Samuel.Holt2@usdoj.gov

*Counsel for Defendants*

3