IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JERALD LENTINI , *et al.*,<br><br>        *Plaintiffs*,<br><br>v.<br><br>DEPARTMENT OF GOVERNMENT EFFICIENCY , *et al.*,<br><br>        *Defendants*. | Case No. 1:25-cv-00164-JMC |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' "NOTICE OF NEW EVIDENCE"**

Plaintiffs have filed yet another Notice (ECF 49), drawing the Court's attention to another irrelevant news article that neither is part of Plaintiffs' Amended Complaint nor helps Plaintiffs even it were incorporated into a future complaint.

First, and as explained in prior filings (*see* ECF 44), Plaintiffs' notice is procedurally improper. "A plaintiff cannot amend a complaint through opposition papers." *Montgomery v. McDonough*, 682 F. Supp. 3d 1, 14 (D.D.C. 2023). If Plaintiffs believe that this one news article will fix the many facial deficiencies with their Amended Complaint, they should file a motion seeking leave to amend their complaint and attach the proposed second amended complaint to that filing. *See* Fed. R. Civ. P. 15; LCvR 7(i). Plaintiffs cannot do an end run around the federal and local rules by filing a "notice of new evidence" in place of a proper motion to amend. Moreover, the contents of the cited article are not "evidence" of which this Court can take judicial notice. *See* Fed. R. Evid. 201(b). Plaintiffs again do not cite any authority that the contents of news articles— particularly those based on anonymous sources—meet this requirement. Indeed, courts have held that they cannot take judicial notice of materials or information within news articles. *See Meekins*

1

*v. Chipotle Servs., LLC*, No. CV1808599SJOJPRX, 2018 WL 6503498, at *3 (C.D. Cal. Dec. 11, 2018); *Daniels v. Jeffreys*, No. 07-1298, 2023 WL 2290240, at *4 (C.D. Ill. Feb. 28, 2023); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). Thus, in deciding a Rule 12(b)(6) motion, the Court may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave–Schmidt v. Chao,* 226 F.Supp.2d 191, 196 (D.D.C.2002) (citation omitted). Because the cited Wired article is none of these, the Court should not consider it when ruling on Defendants' motion to dismiss challenging the facial validity of Plaintiffs' Amended Complaint. *See Antoine v. U.S. Bank Nat. Ass'n*, 547 F. Supp. 2d 30, 39 n.4 (D.D.C. 2008).

Second, even if such "evidence" were included in a future complaint, Plaintiffs put forward a position that undermines, rather than helps, their FACA theory. Plaintiffs assert in their notice that the cited news article claims that "DOGE affiliates are scattered across the federal government working as developers, designers, and even leading agencies in powerful roles." ECF 49 at 1. But even if that were true, that statement just implies that "DOGE affiliates"—whatever Plaintiffs mean by that—are *working* for the agencies, which puts them squarely outside of FACA's ambit. *See* 5 U.S.C. § 1001(2)(B)(i) (FACA does not apply to groups composed of federal officials or employees); 41 C.F.R. § 102-3.40 (a group is not covered by FACA if a group is performing "primarily operational as opposed to advisory functions.").

Finally, Plaintiffs' claim about Mr. Musk does not help their theory either. Defendants in their briefing already assumed the truth of Plaintiffs' allegation—for purposes of the motion to dismiss standard—that Mr. Musk was involved in whatever Plaintiffs mean by "DOGE." *See, e.g.*, Mem. ISO Mot. to Dismiss at 21–22 (ECF numbering), ECF 33-1. As explained in

2

Defendants' briefing, that assumption does not help Plaintiffs plead a FACA violation. Plaintiffs fail to identify any other post-inauguration members of this alleged advisory committee they claim exists, and Mr. Musk alone cannot constitute a committee by himself. *See id*. Moreover, Defendants have presented judicially noticeable facts showing that Mr. Musk was serving as a Senior Advisor to the President at the time of the Amended Complaint—a role that, as a matter of law, places him within FACA's all federal-employee exclusion. *See* Exhibit A, ECF 33-2; Reply ISO Mot. to Dismiss at 13–14, ECF 42 (explaining that, as a matter of law, FACA's all-employee exclusion applies to Mr. Musk serving as a Senior Advisor to the President). Beyond those defects, Plaintiffs also have not alleged any facts suggesting that some outside group called "DOGE" has an organized structure, a fixed membership, or acted as a collective body providing group advice—essential elements of a FACA claim that Plaintiffs were required, but failed, to plead. *See generally* Mem. ISO Mot. to Dismiss, ECF 33-1.

For all the reasons stated in Defendants' motion to dismiss briefing, the Court should dismiss Plaintiffs' Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

DATED: December 17, 2025          Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

*/s/ Samuel S. Holt*
SAMUEL S. HOLT
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.

3

Washington, D.C. 20005
Telephone: (202) 305-0878
Samuel.Holt2@usdoj.gov

*Counsel for Defendants*